IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOY K. ALLEN, :
       Plaintiff : Civil Action No. 1:12-CV-1624
 :
v. :
 : (Judge Nealon)
CAROLYN W. COLVIN, :
Acting Commissioner of Social Security, : (Magistrate Judge Carlson)
       Defendant :

FILED SCRANTON MAR 12 2014 PER ___ DEPUTY CLERK

## MEMORANDUM

On August 16, 2012, the Plaintiff, Joy K. Allen, filed a complaint seeking review of the Commissioner of Social Security Administration's ("Commissioner") denial of her application for supplemental security income. (Doc. 1). A Report was issued by United States Magistrate Judge Martin C. Carlson on February 26, 2014 recommending that the case be remanded to the Commissioner. (Doc. 19). Objections to the Report and Recommendation ("R&R") were due on or before March 17, 2014. On March 12, 2014, the Defendant filed a letter waiving the opportunity to object to the R&R. (Doc. 20). After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the Plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F.Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

### Discussion

Upon review of the present appeal, it is concluded that the Magistrate Judge has not erred in recommending that the case be remanded to the Commissioner for further consideration of the medical evidence. (Doc. 19). The Magistrate Judge reviewed the ALJ's discussion of the five-step sequential evaluation process and determined that the ALJ's findings were not adequately explained on the record. (Doc. 19, pgs. 7-11).

At step one of the sequential evaluation process, the ALJ found that Allen had not engaged in substantial gainful work activity since December 11, 2008, the application date. (Tr. 12). At step two, the ALJ found that Allen suffered from the severe impairments of depression/ anxiety, personality disorder, post traumatic stress disorder, and degenerative joint disease of the cervical spine. (Tr. 12). At step three, the ALJ found that Allen did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 12-13). At step four, the ALJ determined that Allen is unable to perform any of her past relevant work, but she has the residual functional capacity to perform a limited range of sedentary work. (Tr. 14-19). At step five, the ALJ determined that there are a significant number of jobs in the national economy that Allen can perform. (Tr. 19-20). Allen was therefore found to be not disabled under the Act since December 11, 2008, the application date. (Tr. 20).

The Magistrate Judge determined that the ALJ did not adequately address the medical evidence in this case. (Doc. 19, pgs. 23-26). Specifically, the Magistrate Judge determined that the ALJ erred in discounting Allen's fibromyalgia as a severe impairment, the ALJ should more fully explain the step three analysis, the ALJ should clarify his treatment of Dr. Brown's opinion, the ALJ's reason for rejecting the opinion of Dr. Ruch is inadequate, the ALJ's decision failed to take into account the principle that examining physicians' opinions often deserve more weight than the opinions of doctors who review the records, and the hypothetical questions to the vocational expert should fully account for both Allen's physical and psychological limitations. (Doc. 19, pgs. 23-26).

In the absence of objections, the Report and Recommendation will be adopted. An appropriate order follows.

**Date:** March 12, 2014

_____
**United States District Judge**